## Harmar *versus* Holton.

A condition annexed to a judgment, by which it is to be released on payment of a sum of money, is in the nature of an injunction to stay proceedings at law.

An uncertainty in the condition does not avoid the judgment, for it may be rendered certain by investigation on the equity side of the Court, or through the medium of a jury.

Where time is given for the payment of purchase-money, the amount should be ascertained, and stated on the record, before the time begins to run.

Until the amount be ascertained it is impossible to perform the condition by tendering it; and until after the amount is liquidated, the Act of 1846 does not operate upon the case.

THIS ejectment was brought in 1847. On the 12th April, 1848, the defendant confessed judgment, "to be released on payment of the amount due on the article, according to a survey to be made by Judge Irwin." The next proceeding in the case was a writ of *hab. fac. pos.*, which issued to August Term, 1853; and July 27, 1853, a rule was taken to show cause why the writ should not be set aside, which was made absolute January 20, 1854.

In February, 1854, the plaintiff by leave of the Court issued a writ of *hab. fac. poss.*, which the sheriff executed by a symbolical delivery of the possession of the premises to one Chase, the alleged agent of the plaintiff, who leased the premises for one year to a member of defendant's family—all of which was done in defendant's absence, and without his consent or acquiescence, and before the return day of the writ. On the opening of the Court, on the first day of the term, and while the writ was yet in the hands of the sheriff, the defendant obtained a rule to show cause why the *hab. fac.* should not be set aside, restitution awarded, judgment opened, and defendant let into a defence. This motion was founded upon affidavits setting forth, that most if not all the purchase-money had been paid before the writ issued, and that no such survey as that provided for in the confession had yet been made. The rule was made absolute, and issue directed, to ascertain the facts.

The Court, in the opinion filed upon granting the rule, stated, "that the doubt at first entertained was, whether there was any power in the Court to set aside a writ after it was executed?" and proceeded to say, that the amount due on the article had not been ascertained, nor the survey made on which the quantity of land was to be ascertained, to liquidate the amount due: that the fair construction was, that it was the duty of the plaintiff to have the survey made—at all events, in the absence of its having been done by defendant. It was a thing to be done before the judgment became an absolute one. The article referred to is not filed, or any copy of it, or statement from it, or any calculation or liquidation of the amount mentioned in the confession of

judgment.   The defendant now claims that a large amount, if not all, of the purchase-money is paid : that he was put off his guard by the plaintiff never having taken any steps to have the survey made, and the amount ascertained.   Had this appeared before awarding the writ, the Court would not have allowed it without hearing the defendant, and giving him an opportunity of showing it ; and in this view this application is regarded as a *writ of error coram nobis*, and is regarded as if the application for the writ of *hab. fac.* were made at this time.

" When a *fi. fa.* has been executed, and the money distributed, it is too late to set aside the writ.   But is there not some difference between that and a writ which delivers a specific thing, and this when the application is made on the return day of the writ, and while the writ is still in the sheriff's hands ?

" Regarding the judgment, on its face, as a mere general judgment, subject to be made absolute by a compliance with its terms, and there appearing a strong equity on the part of defendant, the rule to show cause why the *hab. fac.* should not be set aside is made absolute, and an issue is directed, to ascertain the amount due on the article referred to, if anything."

Plaintiff excepted to this decision.

The jury found " for the plaintiff, to be released on the payment of $297.50, and costs of suit, within 90 days ; the plaintiff to file a deed according to the contract," &c.

*Farrelly* and *Finney*, for plaintiffs in error.—The equity of the defendant consisted in his right to have a title for the land on paying for it.   There was no uncertainty in the conditions ; and his confession of judgment bound him to comply within a year. By having his own time for payment, time became of the essence of the contract, and by the Act of 21st of April, 1846, a failure to pay at the time was a rescission of the contract.   After judgment, &c., *hab. fac.* issued by leave of the Court, and the land delivered to plaintiff, could the Court open the judgment, and let the defendant into a defence, without any offer on his part to comply with the conditions or tender of money due ?

The power of Courts to open judgments confessed depends on different principles than when obtained on adversary proceedings : see Colton *v.* Robinson, 2 *Watts* 373, where a judgment rendered for defendant after opening was reversed, and the original judgment affirmed : Gable *v.* Haines, 1 *Pa. Rep.* 264.   When time is material, it is as binding in equity as at law, and a title vested by failure to pay in time cannot be divested : 2 *Pa. R.* 454 ; 7 *Ser. & R.* 297–8, 499.

The agreement of defendant to pay in a year was for his benefit, and was absolute.   He had power to ascertain the amount due,

[Harmar v. Holton.]

and if it depended on a survey by Judge Irwin, to procure it to be made, which he had undertaken to do by his agreement to pay within the year. A party bound by a condition must show that he has done everything in his power to perform it. Four years elapsed after the judgment before plaintiff issued execution. This the defendant moved to set aside, in which he failed, and an *alias* issued by order of the Court, which is executed, and plaintiff put into possession; and he again applies to set this aside, and open the judgment, without an offer to pay the balance, and the Court opens the judgment and directs the jury to allow such further time for payment as may be reasonable. After so great laches it is difficult to understand the equity of defendant's case.

*Church* and *Pettis*, for defendant in error.—If the judgment taken by plaintiff be considered for land, it is too indefinite. The record nowhere indicates quantity till the verdict is rendered. How, then, could defendant pay? What amount? For what land should he demand a deed? Of what could the sheriff deliver possession? The judgment is not more for land than money, and the whole is so uncertain that no *hab. fac.* could be sustained upon it: *Ad. on Equity*, 23; Act of 1806, *Purd.* 275, s. 1, 287, s. 9; Hawn *v.* Norris, 4 *Bin.* 77; Jordan *v.* Cleaborne, *Cro. Eliz.* 339; Pemble *v.* Stern, 1 *Lev.*; Fenwick *v.* Floyd, 1 *Har. & Gill's Rep.* 172. The amount could not be ascertained without a survey; and, as the plaintiff claimed the money, it was for him to show by the survey the correct amount. He was bound to tender a deed. The uncertainty of the judgment was sufficient to sustain the Court: Moyer *v.* R. R. Co., 3 *W. & Ser.* 90; Reeber *v.* Fisher, 1 *R.* 223.

The judgment was not within the Act of 1846. This must be strictly pursued before its results can be exacted: Brown *v.* Wicker, 6 *Barr* 391. The judgment is definite as to both money and land, and not dependent upon a contingency. More than five years had elapsed from the rendition of the judgment, and the writ directed was a nullity, and the plaintiff was a trespasser with it. Not an ordinary case of *cessat executionem*: *Purd.* 330, s. 3; 3 *Ser. & R.* 139; 12 *Ser. & R.* 210; 35 *Eng. C. L.* 433; 3 *Wils.* 368; 13 *Eng. C. L.* 184.

There is no analogy in the case of Catlin *v.* Robinson, 2 *Watts* 373. The *terre tenants* had no available defence. Their time had not come, and three years had elapsed after sheriff's sale.

The entry of the prothonotary does not express the meaning of the Court. The judgment was not opened for general purposes, but merely to ascertain what had not been fixed by the confession of judgment itself; and hence the issue is directed for a special purpose, and collateral to the judgment.

[Harmar *v.* Holton.]

All the circumstances in the case show that plaintiff was to procure the survey to be made.

The confession of judgment is not such as comes within the Act of 1846, and not sufficiently definite to produce a forfeiture, it is to be treated as a contract, wherein time is not shown to be of its essence, as sought to be applied here.

The *hab. fac.* was returned by one D. Black, not the sheriff or his deputy. Was this return evidence of any execution ? 7 *Watts.*

That Courts have power over writs of *hab. fac. possessionem,* see 3 *Wils.* 49 ; *Adams* 21 ; *Tidd* 1091 ; 7 *T. R.* 118 ; 2 *Bin.* 93 ; Shaw *v.* Bayard *et al.* 4 *B.* 257 ; 7 *Leg. Int.* 202, Green *et al. v.* McClelland ; 7 *Watts* 91, Norris *v.* Hamilton.

In this class of cases a *sci. fa.* should first issue, calling on defendant to show cause : Montelius *v.* Montelius, *Brightly's N. P.* 79 ; Adams *v.* Buck, 5 *Watts* 291.

As to the requisites of a valid judgment, see Helvete *v.* Rapp, 7 *Ser. & R.* 306 ; 6 *Watts* 213, McCormick *v.* Crall.

The opinion of the Court was delivered by

LEWIS, C. J.—This was an ejectment brought in July, 1847. On the 12th April, 1848, when the cause was for trial, the defendant confessed judgment, " to be released on the payment of the amount due on the article, according to survey to be made by Judge Irwin, with interest and costs of suit, within one year from this time." On the 27th March, 1854, the defendant was turned out of possession by virtue of a *habere facias possessionem ;* and, on the 3d of April, 1854, an application was made to vacate the writ, restore the premises, and open the judgment, and let the defendant into a defence. On the 15th June, 1854, the opinion of the Court was filed, directing that "the rule to show cause why the *hab. fac. poss.* should not be set aside, be made absolute, and an issue directed, to ascertain the amount due on the article referred to, if any."

There is a want of precision in the prothonotary's entry of this order. But the fair construction of the entry, taken in connexion with the points made on the trial, and the instructions given by the Court, is the same as that expressed in the order of the Judge, and that the judgment was not opened at all, except so far as it was necessary to open it for the purpose of ascertaining the amount due on the article. An issue was directed for that purpose.

Although the Court answered points not relative to the issue, yet the cause was ultimately put to the jury in a manner which confined them to the inquiry (the amount due on the article), and their verdict ascertains the amount. The points raising other questions were irrelevant, and the answers to them have done the plaintiff in error no harm.

[Harmar v. Holton.]

A condition annexed to a judgment, by which it is to be released on the payment of a sum of money, &c., is in the nature of an injunction to stay proceedings at law. An uncertainty in the *condition* does not necessarily avoid the *judgment*, because the former, being under the control of the equity powers of the Court, may be rendered certain by further investigation before the Court, without the intervention of a jury; or, if the case require it, the Court in the exercise of its discretion may direct an issue, as was done in this case. Where time is given for the payment of purchase-money, the amount should be ascertained and stated on the record before the time begins to run. It is impossible to perform the condition by tendering the amount required by it, until it be ascertained. Until this be done, the Act of 1846 does not operate on the case.

The 8th, 9th, and 10th errors relate to exceptions to evidence, but the bills are not annexed to the assignments as the rule of Court requires. The charge contains no errors injurious to the rights of the plaintiff in error; and the action of the Court, in setting aside the *hab. fac. poss.*, and directing an issue to ascertain the amount due on the article, was perfectly correct. Justice has been done between the parties.

                                        Judgment affirmed.